THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ERASTO ROMAN-MERCADO,**<br><br>Plaintiff,<br><br>v.<br><br>**HYANNIS AIR SERVICES, d/b/a CAPE AIR/NANTUCKET AIRLINES,** *et al.,*<br><br>**Defendants.** | **Civil No. 20-1228 (ADC)** |

**OPINION AND ORDER**

Before the Court is Hyannis Air Services's ("Defendant") motion to dismiss. **ECF No. 23.** Erasto Román-Mercado ("Plaintiff") opposed, and Defendant replied. **ECF Nos. 32; 40-1.** For the reasons that follow, Defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

**I.  Background**

Plaintiff filed an amended complaint against Defendant on June 17, 2021. **ECF No. 21**. He raised claims of disability discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act ("ADA"). **ECF No. 21.** *See also* 42 U.S.C. § 12101 *et seq*. He also filed suit under multiple Puerto Rico state laws: Law 44 of July 2, 1985 ("Law 44"), Law 45 of April 18, 1935 ("Law 45"), Law 80 of May 30, 1976 ("Law 80"), Law 115 of December 20, 1991 ("Law 115"), and Articles 1802 & 1803 of the Puerto Rico Civil Code ("Article 1802"). **ECF No.**

**21**. *See also* P.R. Laws Ann. tit. 1, § 507 *et seq*; P.R. Laws Ann. tit. 11, § 7; P.R. Laws Ann. tit. 29, § 185; P.R. Laws Ann. tit. 29, § 194; P.R. Laws Ann. tit. 31, §§ 5141, 5142.

Defendant moves to dismiss Plaintiff's ADA, Law 44, Law 45, Law 115, and Article 1802 claims pursuant to Federal Rule of Civil Procedure 12(b)(6). **ECF No. 23**.

## II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6). "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *García-Catalán v. United States*, 734 F.3d 100, 102 (1st Cir. 2013) (quoting Fed. R. Civ. P. 8(a)(2)). When ruling on a motion to dismiss for failure to state a claim, the Court must "ask whether the complaint states a claim to relief that is plausible on its face, accepting the plaintiff's factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Cooper v. Charter Commc'n Entertainments I, LLC*, 760 F.3d 103, 106 (1st Cir. 2014) (*citing Maloy v. Ballori-Lage*, 744 F.3d 250, 252 (1st Cir. 2014)) (internal quotations marks omitted).

"To cross the plausibility threshold, the plaintiff must 'plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cooper*, 760 F.3d at 106 (*citing Maloy*, 744 F.3d at 252). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, …, on the assumption that all the allegations in the complaint are true (even if doubtful in fact) …." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations

omitted). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).

At the motion to dismiss stage, the Court may ordinarily only consider facts alleged in the complaint and its attached exhibits. *See Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). Otherwise, the Court must convert the motion into one for summary judgment. *See id.* (*citing* Fed. R. Civ. P. 12(d)). However, under certain narrow exceptions, some extrinsic documents may be considered without converting the motion. *See Freeman v. Town of Hudson*, 714 F.3d 29, 35-36 (1st Cir. 2013). These exceptions are: (1) documents the authenticity of which are not disputed by the parties, (2) official public records, (3) documents central to plaintiff's claim, and (4) documents sufficiently referred to in the complaint. *See id.* (*quoting Watterson*, 987 F.2d at 3). "When a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings, thereby giving the Court the discretion to consider such additional material." *Newman v. Lehman Brothers Holdings Inc.*, 901 F.3d 19, 25 (1st Cir. 2018) (*citing Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc.*, 524 F.3d 315, 321 (1st Cir. 2008)).

### III. Factual Allegations in the Complaint[1]

Plaintiff started working for Defendant, a corporation engaged in commercial aviation, in 2005. He was employed as a "cross train agent" at the Eugenio María de Hostos Airport in

---

[1] The following are Plaintiff's allegations in his amended complaint. **ECF No. 21**. For purposes of this motion to dismiss, the Court accepts as true all the factual allegations in the Amended Complaint and construes all reasonable inferences in favor of Plaintiff. *See Beddall v. State St. Bank & Tr. Co.*, 137 F.3d 12, 16 (1st Cir. 1998).

Mayagüez, Puerto Rico. On April 8, 2017, Plaintiff suffered an incident while working whereby a faulty airplane door struck his head ("the incident").[2] That same day, he sought treatment at a local hospital, where he was diagnosed—as a result of the incident—with dizziness, hematoma, contusion of the forehead, and acute post-traumatic headache.

Plaintiff's supervisor instructed him to draft an OSHA report but did not instruct him to draft a workman's compensation report. Plaintiff later requested paperwork from Defendant in order to file a claim with the Puerto Rico State Insurance Fund Corporation ("the Fund"), but Defendant refused to provide the paperwork on more than one occasion. Plaintiff was under the impression that he needed documentation from Defendant to file a claim with the Fund.

Plaintiff, in alleged compliance with Defendant's orders, continued to report to work for several months while suffering from headaches, neck pain, hand numbness, and tingling sensations. During this time, he took over-the-counter medication to deal with his ailments. He complained to Defendant, but it did not direct him to go to the Fund for treatment. Plaintiff was also denied access to internal employee assistance programs administered by Defendant and funded by its employees.

Plaintiff was unable to continue working and, in October of 2017, again asked Defendant to provide him with the necessary paperwork to file a claim with the Fund, but his request was denied. Defendant told Plaintiff that since he had a medical plan, he should use it. Plaintiff

---

[2] At some unspecified time, either before or after the incident, Plaintiff complained to Defendant about the health risk posed by the faulty door that struck him in the head.

visited a chiropractor, who ordered an MRI that showed damage to his spinal canal and recommended that he go to the Fund.

Over a year later, on November 29, 2018, Plaintiff visited the Fund for the first time. Due to the spinal injuries sustained in the incident, he received medical treatment at the Fund until July 23, 2020. In February of 2019, he underwent an anterior cervical discectomy and fusion with inter body graft and anterior plating. Plaintiff and Defendant where in contact during this time. To date, he continues to receive medical treatment because of the injuries sustained due to the incident.

In June 2019, Defendant discharged Plaintiff retroactive to May 2019.

### IV. Discussion

Pursuant to Rule 12(b)(6), Defendant moves to dismiss Plaintiff's ADA, Law 44, Law 45, Law 115, and Article 1802 claims. **ECF No. 23**.

#### a. ADA

##### i. Exhaustion of Administrative Remedies: Failure to Accommodate

Defendant argues that Plaintiff cannot assert a failure-to-accommodate claim under the ADA because he failed to exhaust administrative remedies. **ECF No. 23 at 4-7.** While Defendant concedes Plaintiff did file a charge with the Equal Employment Opportunity Commission ("EEOC"), it posits that there are no allegations or references in the charge formulating a failure-to-accommodate claim. **ECF No. 28-1.** Instead, Defendant claims that Plaintiff made these allegations for the first time in the amended complaint. **ECF No. 23 at 5.** As such, it advances

that the Court should dismiss Plaintiff's failure-to-accommodate claim. **ECF No. 23 at 6**. Plaintiff counters by proclaiming that his allegations in the administrative charge are closely related to the allegations of a failure-to-accommodate claim in the amended complaint. **ECF No. 32 at 5-8**.

The ADA mandates that plaintiffs exhaust administrative remedies. *See Rivera-Díaz v. Humana Ins. of P.R.*, 748 F.3d 387, 389 (1st Cir. 2014). Failure to do so bars the courthouse door. *See Velázquez-Ortiz v. Vilsack*, 657 F.3d 64, 71 (1st Cir. 2011). However, the filing of an administrative charge does not open the courthouse door to all claims of discrimination. *See id.* The complaint in federal court must "bear some close relation" to the allegations made in the administrative complaint. *See id.* (*citing Jorge v. Rumsfeld*, 404 F.3d 556, 565 (1st Cir. 2005)).

The "scope of the investigation rule" allows an employee to include in the complaint claims related to acts of discrimination that the EEOC investigation could have been reasonably expected to uncover, regardless of whether they were investigated. *See González-Nieves v. Nieves-Miranda*, 264 F. Supp. 3d 357, 362 (D.P.R. 2017) (*citing Thornton v. United Parcel Serv., Inc.*, 587 F.3d 27, 31-32 (1st Cir. 2009)). The scope of a civil action is thus not determined by the specific language of the charge filed with the agency. *See Thornton*, 587 F.3d at 31-32.

This rule allows the Court to "look beyond the four corners of the underlying administrative charge" to determine whether the employee exhausted the required administrative remedies. *Id.* at 33. Still, plaintiff may not "extend his claim endlessly beyond the bounds and parameters encompassed by the administrative charge." *Id.* at 32.

After a careful reading of the EEOC charge, the Court finds that it is reasonably related to the failure-to-accommodate allegations in the amended complaint. Plaintiff alleges in the EEOC charge:

> After suffering an accident at work in which an airplane door fell on my head, I underwent surgery due to damages to my cervical area. Ever since the time of the accident, the employer has refused to fill out forms for my treatment. After the surgery, my employer harassed me and demanded that I return to work, even though I was under treatment at the [Fund]. Then, despite the fact that I was undergoing treatment, they fired me. They have treated me badly because I reported to the [Fund] and applied for Social Security. They denied me access to internal employee assistance programs and engaged in a pattern of contempt against me, after I developed a medical condition in my cervical area. I request all legal remedies, especially a right-to-sue letter.

**ECF No. 28-1**.

In addition, the Court finds that the EEOC's investigation would have been reasonably expected to uncover the failure-to-accommodate claim based on the allegations in the administrative charge. *See Manning v. Abington Rockland Joint Water Works*, 357 F. Supp. 3d 106, 113-117 (D. Mass 2019) (holding that checking the box for discrimination and allegations of disability discrimination are sufficient to alert the EEOC of plaintiff's failure to accommodate claim). The Court concludes that the failure-to-accommodate claim was within the scope of the EEOC investigation which could reasonably be expected to grow out of the EEOC complaint because the descriptions of the grievances in the EEOC complaint are similar to the description of Plaintiff's failure-to-accommodate claim in the amended complaint. *See Fantini v. Salem State Coll.*, 557 F.3d 22, 27-28 (1st Cir. 2009) (holding that gender discrimination claim was within the scope of EEOC investigation which could reasonably be expected to grow out of the EEOC

complaint because the district court complaint was consistent with plaintiff's administrative complaint). Specifically, Plaintiff included allegations in the EEOC complaint that reference a contemptuous pattern of conduct and continuous denials to provide access or assistance. Thus, Plaintiff effectively exhausted the administrative remedies.

### ii. Failure to State a Claim: Failure to Accommodate

To assert a failure-to-accommodate claim under the ADA, Plaintiff is required to establish: (1) that he suffered from a disability within the meaning of the statute, (2) that he was a qualified individual able to perform the essential functions of his job, with or without reasonable accommodation, and (3) that, despite its knowledge of his disability, Defendant did not offer a reasonable accommodation for her disability. *See Mercado Córdova v. Walmart P.R., Inc.*, 369 F. Supp. 3d 336, 355 (D.P.R. 2019) (*citing Valle-Arce v. P.R. Ports Auth.*, 651 F.3d 190, 198 (1st Cir. 2011)).

Defendant argues that Plaintiff failed to plausibly plead that he was qualified to perform the essential functions of the job (with or without reasonable accommodation), such as the necessary skills, experience, and education. **ECF No. 23 at 8**.

Plaintiff disagrees. **ECF No. 32 at 9-14.** He alleges in his amended complaint that he was a cross train agent when the incident occurred and continued to perform his functions in that role for several months after the incident. **ECF No. 21 at 3-4**. Plaintiff argues that his work experience, both before and after the incident, lends sufficient factual support to his claim that he could perform the essential functions of a cross train agent. **ECF No. 32 at 11**.

Although employers should consider the employee's past performance in determining whether he can perform the essential functions of the job, past performance should not be afforded any weight if there is "undisputed evidence of diminished or deteriorated abilities." *McDonald v. Town of Brookline*, 2015 WL 13679572, at *5 (D. Mass. Mar. 30, 2015) (*citing Jones v. Walgreen Co.*, 679 F.3d 9, 18 (1st Cir. 2012)). But there is no such evidence here, and, even if there was, the Court does not consider or weigh evidence at the motion to dismiss stage.

The Court then reasonably infers that Plaintiff's allegations regarding his continued employment before and after his injury is enough to plead that he is qualified to perform the essential functions of his job even without a reasonable accommodation. *See id*. at *6 (holding that plaintiff could perform essential duties of the job based on his past performance and own statements). Therefore, the Court finds that Plaintiff has plausibly plead that he was otherwise qualified to perform the essential functions of a cross train agent.

As a result, the Court **DENIES** Defendant's motion to dismiss Plaintiff's failure-to-accommodate claim under the ADA.

### iii. Failure to State a Claim: Retaliation

Defendant argues that Plaintiff failed to properly plead that it retaliated against him in violation of the ADA by firing him after he "voiced his concerns to [sic] having to continue to work given his physical and mental condition, following his work-related accident." **ECF No. 23 at 9-12**. It contends that the temporal proximity between his protected conduct and its adverse employment action is too distant to establish causation. **ECF No. 23 at 10-11**. After careful review

of Plaintiff's opposition, the Court cannot make out a meaningful response against Defendant's argument. **ECF No. 32 at 15-17**.

For Plaintiff to plausibly plead a retaliation claim, he must show that: (1) he was engaged in protected conduct, (2) suffered an adverse employment action, and (3) there was a causal connection between the protected conduct and the adverse action. *See Colón-Fontanez v. Mun. of San Juan*, 660 F.3d 17, 36 (1st Cir. 2011).

The First Circuit has held that plaintiffs do not need to plead facts in the complaint that establish a prima facie case nor allege every fact necessary to win at trial. *See Garayalde-Rijos v. Mun. of Carolina*, 747 F.3d 15, 24 (1st Cir. 2014) (*citing Rodríguez-Vives v. P.R. Firefighters Corps of P.R.*, 743 F.3d 278, 283 (1st Cir. 2014)). The plausibility standard governs on a motion to dismiss, so "[n]o single allegation need [establish] . . . some necessary element [of the cause of action], provided that, in sum, the allegations of the complaint make the claim as a whole at least plausible." *Garayalde-Rijos*, 747 F.3d at 24 (*citing Ocasio-Hernández*, 640 F.3d at 14-15). Nevertheless, plaintiff must provide sufficient non-conclusory facts that would indicate a causal nexus. *See Arroyo-Martínez v. Feliciano-Audiffred*, 2020 WL 5530370, at *6-7 (D.P.R. Aug. 3, 2020).

Plaintiff must show a nexus between the protected conduct and the alleged retaliatory act. *See Lavalle Cervantes v. Int'l Hosp. Assoc.*, 261 F. Supp. 3d 171, 187 (D.P.R. 2016) (*citing Colón-Fontanez*, 660 F.3d at 37). One way of showing causation is by establishing that the employer's knowledge of the protected activity was close in time to the employer's adverse action. *See Lavalle Cervantes*, 261 F. Supp. 3d at 187 (*citing Wyatt v. City of Bos.*, 35 F.3d 13, 16 (1st Cir. 1994)).

The Court also considers the sequence of events, any departures from normal procedure, and contemporaneous statements by the employer's decision makers. *See Lavalle Cervantes*, 261 F. Supp. 3d at 187 (*citing Del Pilar Sagrado v. Abbott Labs.*, 520 F. Supp. 2d 279, 292 (D.P.R. 2007)).

To plausibly plead causality, the temporal proximity between an employer's knowledge of protected activity and an adverse employment action must be very close. *See Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 25 (1st Cir. 2004). A "tight fit" is required, and a gap of several months cannot alone ground an inference of a causal connection between protected conduct and an allegedly retaliatory action. *See Arroyo-Ruiz v. Triple-S Mgmt. Grp.*, 206 F. Supp. 3d 701, 716-717 (D.P.R. 2016) (*citing Ahern v. Shinseki*, 629 F.3d 49, 58 (1st Cir. 2010)). A time period of five (5) months or less between the employer's knowledge of protected conduct and the adverse employment action has been held to sufficiently sustain Plaintiff's causal link burden for a motion to dismiss. *See Garayalde-Rijos*, 747 F.3d at 25. However, "some pleadings may allege a temporal gap so attenuated as not to meet the plausibility standard for surviving a motion to dismiss." *Id.*

Here, Plaintiff pleads that Defendant discharged him in June 2019, retroactive to May 2019.[3] **ECF Nos. 21 at 6-7**; **23 at 10.** This is the alleged adverse action that anchors Plaintiff's retaliation claim.

After carefully reading the amended complaint, the Court reasonably infers that Plaintiff's grievances were aired to Defendant while he was actively working. However, he

---

[3] Defendant utilizes May 2019 as the effective date of Plaintiff's discharge in its analysis. **ECF No. 23 at 10**.

stopped working in October 2017. **ECF No. 21 at 4**. Assuming that he participated in protected conduct on the last day of October 2017, nineteen (19) months elapsed before he was discharged in May 2019. This temporal gap is too attenuated to meet the plausibility standard required to survive a motion to dismiss. *See Arroyo-Ruiz*, 206 F. Supp. 3d at 716-717 (granting motion to dismiss ADA retaliation claim because nine (9) month period between protected conduct and adverse action does not sufficiently plead causation element).

As such, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's ADA retaliation claim. [4]

### b. Supplemental Commonwealth Claims

#### i. Law 44

Defendant argues that Plaintiff fails to allege a plausible claim of disability discrimination under Law 44. **ECF No. 23 at 7-9**. Defendant's argument to dismiss Plaintiff's Law 44 claim is identical to its argument for dismissal of the failure-to-accommodate claim under the ADA. **ECF No. 23 at 7-9**.

---

[4] Defendant's motion to dismiss also attacks two other factual bases for an ADA retaliation claim. **ECF No. 23 at 11**. First, Defendant attacks Plaintiff's protected activity of complaining of the health risks posed by the faulty door. *See id*. Complaining to Defendant of the health risks posed by the faulty door does not amount to protected activity under the ADA because it does not give Defendant notice of his need for a special accommodation. *See Reed v. LePage Bakeries, Inc.*, 244 F.3d 254, 261 (1st Cir. 2001) ("At the least, the request must explain how the accommodation requested is linked to some disability"). Therefore, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's failure-to-accommodate claim based on the protected activity of complaining about the safety of an airplane door. Second, Defendant challenges Plaintiff's protected activity of filing a claim with the Fund. **ECF No. 23 at 11**. Plaintiff concedes that the filing of a claim with the Fund "is not something covered under the ADA but rather state law, which is precisely what Plaintiff has done in citing to P.R. Law 115." **ECF No. 32 at 17**. As such, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's failure-to-accommodate claim under the ADA that is based on the protected activity of filing a claim with the Fund.

Law 44 prohibits institutions from "discriminat[ing] against persons with some type of physical or mental disability." P.R. Laws Ann. tit. 1, § 504. Its elements of proof are essentially the same as those for establishing a claim under the ADA. *See Salgado-Candelario v. Ericsson Caribbean, Inc.*, 614 F. Supp. 2d 151, 175 (D.P.R. 2008). Law 44 mirrors the ADA, and on the merits, claims brought pursuant to the two statutes are coterminous. *See Vázquez Robles v. CommoLoCo, Inc.*, 186 F. Supp. 3d 138, 145 (D.P.R. 2016) (*citing Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 78, 87-88 (1st Cir. 2008)).

Here, Plaintiff's ADA and Law 44 claims are coterminous because they arise from the same set of facts. *See Ruiz Rivera*, 521 F.3d at 87 (affirming dismissal of ADA and Law 44 claim and noting that Law 44 claim required no separate analysis). The Court already held that Plaintiff has sufficiently plead that he was qualified to perform the essential functions of his job to assert a failure-to-accommodate claim under the ADA. *See supra*, Chapter IV, Section a, Subsection ii. Accordingly, the Court **DENIES** Defendant's motion to dismiss Plaintiff's Law 44 claim.

### ii. Law 45

Defendant moves to dismiss Plaintiff's Law 45 claim because the employer's immunity bars his claim from obtaining relief as a matter of law. **ECF No. 23 at 12-13**. Defendant indicates that it is an insured employer under the Fund, and as such is entitled to immunity. **ECF No. 23 at 13.** It notes that Plaintiff stated in his amended complaint that he received treatment from the Fund, proving that Defendant is an insured employer. **ECF No. 21 at 5**. Plaintiff responds that

the Defendant's immunity does not apply because it engaged in intentional acts, which are not subject to absolute immunity. **ECF No. 32 at 19-22.**

Law 45 establishes a rapid compulsory insurance scheme providing medical treatment, payment of benefits, and disability compensation through the Fund to assist employees affected by work-related accidents or otherwise suffering from health conditions related to their employment. *See Feliciano Rolón v. Ortho Biologics LLC*, 404 F. Supp. 2d 409, 413 (D.P.R. 2005). When an employee suffers an injury, illness, disability, or death as a result of "any act or function inherent in [his] work," and his employer is insured according to law, the employee's right to compensation from the employer is limited to the statutory compensation offered through the Fund. *See Vega-Mena v. United States*, 990 F.2d 684, 686 (1st Cir. 1993) (*citing* P.R. Laws Ann. tit. 11, §§ 2, 21; *Santiago Hodge v. Parke Davis & Co.*, 126 D.P.R. 1, P.R. Offic. Trans. (1990)). The injured worker does not have a cause of action against his employer for damages regardless of the employer's degree of negligence. *See Vega-Mena*, 990 F.2d at 686.

In the case-at-hand, Plaintiff does not plead in his amended complaint that Defendant is an insured employer with the Fund. **ECF No. 21 at 5**. He only alleges that he received treatment at the Fund. **ECF No. 21 at 5**. That is not enough for the Court to find that Defendant is an insured employer with the Fund.[5] Therefore, the Court **DENIES** Defendant's motion to dismiss Plaintiff's Law 45 claim.

---

[5] Regardless of whether an employer is insured, employees have the right to present a claim with the Fund so long as they have suffered a work-accident or an occupational illness. *See* State Ins. Fund Corp., https://www.fondopr.com/en/injured/claims/ (last visited Mar. 11, 2022).

### iii. Law 115

Law 115 makes it unlawful for an employer to "discharge, threaten, or discriminate against an employee regarding the terms, conditions, compensation, location, benefits or privileges of the employment should the employee offer or attempt to offer … any testimony, expression or information before a legislative, administrative or judicial forum." P.R. Laws Ann. tit. 29, § 194a. To adequately plead a Law 115 claim, Plaintiff must allege facts sufficient to reasonably infer: (1) participation in a protected activity, (2) a materially adverse employment action, and (3) a causal connection between the protected activity and the adverse action. *See Santana-Colón v. Houghton Mifflin Harcout Publishing Co.*, 81 F. Supp. 3d 129, 136 (D.P.R. 2014). Filing a claim with the Fund is a protected activity under Law 115. *See id*.

Defendant requests the dismissal of Plaintiff's Law 115 retaliation claim arguing that he fails to plead a causal link between filing a claim with the Fund and his subsequent discharge. **ECF No. 23 at 9-12.**

However, Plaintiff does plausibly plead a causal connection between the alleged protected activity of filing a claim with the Fund and the adverse action of discharge. Plaintiff filed his claim with the Fund on November 29, 2018. **ECF No. 21 at 5.** Assuming that Plaintiff was discharged on May 1, 2019, around five (5) months elapsed between the protected activity and the adverse employment action. Thus, the temporal proximity between the protected activity of filing a claim with the Fund and the adverse employment action of his discharge is sufficiently attenuated to meet the plausibility standard required to survive a motion to dismiss.

*See Garayalde-Rijos*, 747 F.3d at 25 (holding that five (5) month period between protected conduct and adverse employment action is sufficient temporal proximity to satisfy causation element at motion to dismiss stage).[6]

Henceforth, the Court **DENIES** Defendant's motion to dismiss Plaintiff's Law 115 claim premised on filing a claim with the Fund.

### iv. Article 1802

Lastly, Defendant seeks the dismissal of Plaintiff's Article 1802 claims because there is no independent basis to support these claims. **ECF No. 23 at 13-16**. It argues that its alleged discriminatory/retaliatory conduct is not based on tortious or negligent conduct distinct from that covered by specific employment laws. **ECF No. 23 at 14**. Instead, Defendant asserts that said conduct is directly related to his claims of disability discrimination under the ADA, Law 44, Law 45, Law 80, and Law 115. **ECF No. 23 at 15**. As such, Defendant insists that Plaintiff cannot set forth duplicative claims for damages under Article 1802 based on the same alleged discriminatory/retaliatory conduct. **ECF No. 23 at 15**.

It is well-settled that the provisions of the Puerto Rico Civil Code are supplementary to special legislation. *See Rivera-Cartagena v. Wal-Mart P.R., Inc.*, 767 F. Supp. 2d 310, 320 (D.P.R. 2011). In the labor and employment context, "to the extent that a specific labor law covers the

---

[6] For the reasons explained in the ADA retaliation section, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's Law 115 claims premised on his complaints lodged with Defendant in October 2017 regarding the faulty door as well as his complaints about having to continue to work given his physical and mental condition following his work-related accident because their temporal proximity to the adverse action (his discharge) are too attenuated (19 months). *See supra*, Chapter IV, Section a, Subsection iii.

conduct for which a plaintiff seeks damages, he is barred from using that same conduct to also bring a claim under Article 1802." *Rivera-Meléndez v. Pfizer Pharm., Inc.*, 747 F. Supp. 2d 336, 339 (D.P.R. 2010).

A review of Plaintiff's amended complaint reveals that he bases his Article 1802 claims on the same conduct that supports his employment law claims and alleges no independent tortious conduct. Consequently, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's Article 1802 claim.

V.   **Supplemental Motion to Dismiss**

Without requesting leave from Court, Defendant submitted a supplemental motion to dismiss Plaintiff's Law 80 claim that was not addressed in the motion to dismiss. **ECF No. 29**. It filed the original motion to dismiss on July 1, 2021. **ECF No. 23**. On July 13, 2021, Plaintiff moved for an extension of time to oppose until August 16, 2021. **ECF No. 27**. Then, Defendant supplemented the motion to dismiss on July 22, 2021. **ECF No. 29**. Plaintiff subsequently moved to strike the supplemental motion to dismiss contending that Rule 12(b)(6) and Local Rule 7 do not provide for the filing of a supplemental motion to dismiss. **ECF No. 31**.

The Court notes that Defendant doesn't indicate under what legal basis or theory it moves to supplement the motion to dismiss. Instead, Defendant explains that it is supplementing its motion to dismiss because Plaintiff had yet to file an opposition. **ECF No. 29 at 2**.

Rule 12(g)(2) of the Federal Rules of Civil Procedure provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or

objection that was available to the party but omitted from its earlier motion," except as provided in Rule 12(h)(2) or (3). Here, Plaintiff submitted a second motion to dismiss under Rule 12(b)(6). Defendant is foreclosed from raising its argument for dismissal of Plaintiff's Law 80 claim in this second motion to dismiss. Thus, the Court **DENIES** Defendant's supplemental motion to dismiss.

## VI. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss. **ECF No. 23.** Plaintiff's ADA retaliation claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's Law 115 claims based on his complaints to Defendant regarding the faulty door and about having to continue to work given his physical and mental condition after the incident are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's Article 1802 claim is **DISMISSED WITHOUT PREJUDICE**. In addition, Defendant's supplemental motion to dismiss is **DENIED WITHOUT PREJUDICE**. **ECF No. 29.** All other claims remain available.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 31st day of March, 2022.

                                                        **S/AIDA M. DELGADO-COLÓN**
                                                        **United States District Judge**